IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

05-61704

VITAL PHARMACEUTICALS, INC.
a Florida corporation,

            Plaintiff,

vs.

RED BULL GMBH, an Austrian Limited
Liability Company

            Defendant.
_____/

MAGISTRATE JUDGE



## COMPLAINT FOR DECLARATORY RELIEF

Plaintiff, Vital Pharmaceuticals, Inc., a Florida Corporation d/b/a VPX Sports ("VPX") files this Compliant for Declaratory Relief against Defendant, Red Bull GmbH ("RB"), an Austrian Limited Liability Company, and alleges:

### Nature of Case, Subject Matter Jurisdiction and Venue

1. This is an action for declaratory relief stemming from RB's October 14, 2005 "cease and desist" letter, a true and correct copy of which letter is attached hereto as Exhibit "A." The "cease and desist" letter relates to VPX's registration and use of its REDLINE® trademark s as well as the trade dress used by VPX for its REDLINE® nutritional supplement and beverage products. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1332(1) and 1332 (2); 28 U.S.C. §1338; 28 U.S.C §§2201 and 2202; as well as 15 U.S.C. §1121 relating to trademark, trade dress, unfair competition, and dilution claims arising under the Lanham Act, 15 U.S.C. §1051, et seq. The amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

2. Venue is proper in this district pursuant to 28 U.S.C. §1391 on either of the following alternative grounds: (a) A substantial part of the events giving rise to the instant claim for declaratory relief and the subject matter thereof occurred in this district, including, without limitation, that VPX received the "cease and desist" letter from RB in this district, that VPX's principal place of business is located in this district, and that VPX adopted and commenced use of the trademark and trade dress that is the subject of the "cease and desist" letter in this district; and (b) RB is subject to personal jurisdiction in this district offers.

**The Parties**

3. VPX is a corporation organized and existing under the laws of the State of Florida with its principal place of business in this district, wherein VPX operates as a developer, manufacturer and seller of dietary supplements with an emphasis upon sports and fitness supplements.

4. RB is an Austrian Limited Liability Company that manufactures or sells a substantial amount of product that is purchased and consumed in this district.

5. In addition to all other legal bases for this Court to exercise personal jurisdiction over RB in this action, courts within the state in which this district is located have personal jurisdiction over RB pursuant to §§48.193 (1)(a) and 48.193(2), Fla. Stat.

**The REDLINE® trademark and the REDLINE® Products**

6. For several years, VPX has been a leader in the dietary supplement industry that offers a wide variety of dietary supplement products with an emphasis on sports and fitness supplements.

7. On August 4, 2003, VPX filed a federal trademark application Serial No. 78/282908 for REDLINE® with the United States Patent and Trademark Office ("PTO") in International Classes 005 for nutritional supplements.

8. None of RB's RED BULL® trademark applications or registrations—including RB's Registration No. 2,494,093 in International Class 005 "for pharmaceutical products for the purposes of strengthening and body restoration, specifically, vitamin and mineral supplements; nutritional supplement tonics, nutritionally fortified beverages for use supplements"—were cited by the PTO as a potential bar against VPX's application for REDLINE®.

9. VPX has used the REDLINE® trademark in interstate commerce at least as early as September 30, 2003.

10. On December 2, 2004, VPX's application for REDLINE® was published for opposition.

11. RB did not oppose said application.

12. On June 22, 2005, the PTO issued a registration to VPX for REDLINE®, which was assigned Registration No. 2,857,015. A copy of the certificate of registration is attached as Exhibit "B."

13. On March 30, 2005, VPX filed another federal trademark application for the trademark REDLINE® with the PTO in International Class 005 for beverages, which was assigned Serial No. 78/598015.

14. On July 14, 2005, VPX filed another federal trademark application for the trademark REDLINE® with the PTO in International Class 005 for nutritional supplements, ready to drink nutritional beverages, and nutritional bars, which was assigned Serial No. 78/670909.

15. VPX uses the REDLINE® trademark in connection with certain of its nutritional supplement and beverage products.

16. VPX uses the following distinctive trade dress in connection with its REDLINE® beverage product ("REDLINE® Beverage Trade Dress"):



17. VPX uses the following distinctive trade dress in connection with its REDLINE® nutritional supplement product sold in gel-cap form ("REDLINE® Gel-Cap Trade Dress"):



4

18. VPX has used a red, white and blue color scheme in the packaging of its numerous dietary supplement products for several years, and did so prior to the inception of its REDLINE® nutritional supplement and beverage products.

19. Since submitting its initial federal trademark application for REDLINE®, VPX has expended considerable sums of money and effort to advertise and promote its REDLINE® nutritional supplement and beverage products, and as a result, the REDLINE® products have become extremely popular.

20. VPX advertises its REDLINE® products, *inter alia,* on its website at www.vpxsports.com, at various fitness shows, in its magazine Human Muscle & Performance, and in third-party fitness-oriented magazines, including, but not limited to Flex and Muscular Development.

21. VPX sells its REDLINE® products, *inter alia,* on its website at www.vpxsports.com, in health clubs throughout the world, in General Nutrition Center, and in Vitamin Shoppe.

22. The products sold under the REDLINE® trademark have come to be known by the consuming public as uniquely effective nutritional supplement and beverage products.

### The RED BULL® trademark and the RED BULL® Product

23. RB has a myriad of trademark registrations and pending applications for the RED BULL® trademark.

24. RB uses the following trade dress in connection with its RED BULL® beverage product (the "RED BULL® Trade Dress"):



### RB's "Cease and Desist" Letter

25. More than two years after VPX submitted its application for REDLINE® and started investing in the advertising and promotion of its REDLINE® products, RB, on October 14, 2005, forwarded to VPX its "cease and desist" letter, wherein RB charges that VPX's REDLINE® trademark infringes upon RB's RED BULL® trademark and that VPX's REDLINE® Beverage Trade Dress infringes upon RB's RED BULL® Trade Dress. In that connection, RB also charges VPX with unfair competition and dilution.

26. In its "cease and desist" letter, RB demands that VPX "(1) cease and desist use of the REDLINE mark and/or a blue, red and silver/gray color scheme in connection with energy drinks or other beverages in the United States; (2) immediately withdraw U.S. Application Serial Nos. 78/598,015 and 78/670,909 with prejudice; and (3) cease and desist from any further use of any of the Red Bull Word Marks, Red Bull Trade Dress, or any other confusingly similar marks and/or trade dress in the United States."

27. RB further states in its "cease and desist" letter that failure to meet those demands "will damage [RB] and subject [RB] to irreparable harm, entitling [RB] to injunctive and monetary relief."

### No Trademark Infringement

28. There is no likelihood of confusion between the REDLINE® trademark and the RED BULL® trademark.

29. No other element essential to an actionable infringement upon the RED BULL® trademark arises from VPX's use of the REDLINE® trademark.

### No Trade Dress Infringement

30. There is no likelihood of confusion between the REDLINE® Beverage Trade Dress and the RED BULL® Trade Dress, which respectively appear as follows:



31. No other element essential to an actionable infringement upon the RED BULL® Trade Dress arises from VPX's use of the REDLINE® Beverage Trade Dress.

### No Unfair Competition

32. No claim for unfair competition as to the RED BULL® trademark or the RED BULL® Trade Dress arises from VPX's use of the REDLINE® trademark or the REDLINE® Beverage Trade Dress.

### No Dilution

33. No claim for dilution as to the RED BULL® trademark or the RED BULL® Trade Dress arises from VPX's use of the REDLINE® trademark or the REDLINE® Beverage Trade Dress.

34. VPX has engaged undersigned counsel to represent it in this matter for which VPX obligated to pay reasonable attorneys' fee.

### COUNT I-DECLARATORY RELIEF

VPX restates and realleges paragraphs 1 through 34 above, and further alleges:

35. As a result of RB's "cease and desist" letter, an actual case or controversy exists between the parties.

36. As VPX is being threatened with an action for damages and other relief based upon its past and continued use of the REDLINE® trademark and its past and continued use of the REDLINE® Beverage Trade Dress, VPX is in need of, and entitled to, a judicial declaration of each party's respective rights and liabilities as they pertain to VPX's registration and use of the REDLINE® trademark and VPX's use of the REDLINE® Beverage Trade Dress.

**WHEREFORE**, VPX respectfully requests: (1) judgment in favor of VPX and against RB declaring that: (a) The REDLINE® trademark does not infringe upon the RED BULL® trademark; (b) The REDLINE® Beverage Trade Dress does not infringe upon the RED BULL® Trade Dress; (c) No claim for unfair competition as to the RED BULL® trademark or the RED

BULL® Trade Dress arises from VPX's use of the REDLINE® trademark or the REDLINE® Beverage Trade Dress, (d) No claim for dilution as to the RED BULL® trademark or the RED BULL® Trade Dress arises from VPX's use of the REDLINE® trademark or the REDLINE® Beverage Trade Dress, (e) VPX is otherwise without liability to RB, or any of its licensees or assigns, stemming from VPX's use of the REDLINE® trademark or the REDLINE® Beverage Trade Dress, and (f) any other declaration the Court may deem appropriate; (2) an award of costs against RB; (3) an award of reasonable attorneys' fees against RB; and (4) any other relief the Court may deem just and appropriate.

Dated October 21, 2005

        Respectfully submitted,
        **Feldman Gale, P.A.**
        **Attorneys for Vital Pharmaceuticals, Inc.**
        Miami Center, 19th Floor
        201 South Biscayne Boulevard
        Miami, Florida 33131-4332
        Telephone: 305-358-5001
        Telefax: 305-358-3309

        By: _____
        Gregg H. Metzger / 836850
        GMetzger@Feldmangale.com
        Samuel A. Lewis / 55360
        SLewis@FeldmanGale.com
        Erica W. Stump / 427632
        EStump@FeldmanGale.com

# HOGAN & HARTSON
L.L.P.

RAYMOND A. KURZ
PARTNER
(202) 637-5683
RAKURZ@HHLAW.COM

COLUMBIA SQUARE
555 THIRTEENTH STREET, NW
WASHINGTON, DC 20004-1109
TEL (202) 637-5600
FAX (202) 637-5910
WWW.HHLAW.COM

October 14, 2005

*VIA OVERNIGHT MAIL*

Vital Pharmaceuticals, Inc.
4141 SW 47th Ave.
Davie, Florida 33314-4006

Vital Pharmaceuticals, Inc.
6573 Stirling Road
Ft. Lauderdale, FL 33314

Re:  **REDLINE Energy Drink**
     **Our Reference: 87021-0154**

To Whom It May Concern:

We represent Red Bull GmbH ("**Red Bull**"), the source of the Red Bull energy drink ("**Red Bull Energy Drink**"), in connection with intellectual property matters. As you are no doubt aware, the Red Bull Energy Drink bears the distinctive trademark RED BULL and the composite trademark RED BULL ENERGY DRINK (collectively the "**Red Bull Word Marks**"), as well as a distinct and proprietary trade dress, including a blue, red and silver color scheme (collectively, "**Red Bull Trade Dress**"). For your convenience, enclosed as **Exhibit A** is a photograph of the Red Bull Energy Drink, which bears the Red Bull Word Marks and Red Bull Trade Dress. The Red Bull Energy Drink has been offered in connection with the Red Bull Word Marks and the Red Bull Trade Dress since at least as early as 1996 in the United States. Since that time, Red Bull has invested substantial resources in promoting the Red Bull Energy Drink, as well as the Red Bull Word Marks and Red Bull Trade Dress. Through these and related efforts, consumers readily recognize the Red Bull Word Marks and the Red Bull Trade Dress, and associate such proprietary indicia with the Red Bull Energy Drink and Red Bull. Indeed, the Red Bull Energy Drink has become the category leader in the energy drink market, and the Red Bull Energy Drink, Red Bull Word Marks and Red Bull Trade Dress have gained wide-spread fame and consumer recognition.

BERLIN   MUNICH   BRUSSELS   LONDON   PARIS   BUDAPEST   PRAGUE   WARSAW   MOSCOW   BEIJING   SHANGHAI   TOKYO
NEW YORK   BALTIMORE   McLEAN   MIAMI   DENVER   BOULDER   COLORADO SPRINGS   LOS ANGELES

**EXHIBIT A**

HOGAN & HARTSON L.L.P.
Vital Pharmaceuticals, Inc.
October 14, 2005
Page 2

Red Bull has recently become aware of an energy drink, manufactured by Vital Pharmaceuticals, Inc. d/b/a VPX Sports ("VPX"), being sold in the United States under the trademark REDLINE ("**Redline Energy Drink**"). Further, Red Bull has become aware that VPX has filed with the United States Patent and Trademark Office applications to register the mark REDLINE, including U.S. Application Serial Nos. 78/598,015 for "beverages" and 78/670,909 for "nutritional supplements, ready to drink nutritional beverages, and nutritional bars."

The Redline Energy Drink is packaged in a slim can prominently displaying the REDLINE trademark and featuring a blue and red color scheme, combined with a gray or silver twist-off cap. Such prominent use of a trademark including the term "Red," combined with a blue, red and silver/gray color scheme, results in the Redline Energy Drink evoking a confusingly similar commercial impression with the Red Bull Energy Drink. Such confusing similarity is furthered by the use of the tagline "Get Ripped; Get Jacked...Reach For 'Red!,'" and references to the Redline Energy Drink as "The Red." It thus appears that the similarities between the Redline Energy Drink trademark and packaging and the Red Bull Word Marks and Red Bull Trade Dress were no accident, but instead an intentional effort to mimic the well-known Red Bull Energy Drink and to unlawfully trade on the strong goodwill associated with the Red Bull Energy Drink.

As the REDLINE trademark and Redline Energy Drink trade dress are confusingly similar to the Red Bull Word Marks and Red Bull Trade Dress, such trademark and trade dress are likely to confuse consumers into erroneously believing that VPX or the Redline Energy Drink is affiliated or associated with or sponsored or endorsed by Red Bull. It is readily apparent that Red Bull has prior and superior rights to the Red Bull Word Marks and Red Bull Trade Dress for energy drinks. Accordingly, the continued sale of the Redline Energy Drink are clear violations of Red Bull's valuable intellectual property rights, and further constitute trademark infringement, dilution and unfair competition.

In addition to VPX's use of the confusingly similar REDLINE trademark and Redline Energy Drink trade dress, Red Bull has become aware of certain other violations by VPX of the Lanham Act, as well as FDA and FTC regulations, in connection with the sale and promotion of the Redline Energy Drink. Merely by way of example, the packaging of the Redline Energy Drink and the VPX web site located at <vpxsports.com> appear to make unsubstantiated, misleading and/or false claims regarding the weight-loss promoting properties of the Redline Energy Drink (which VPX ineffectually attempts to disclaim in the fine-print located on the Redline Energy Drink can), and further it appears that the packaging of the Redline Energy Drink product fails to meet FDA labeling guidelines. Such misleading or false claims and deficiencies in the labeling and packaging of the Redline Energy Drink are likely to further increase the harm to Red Bull resulting from continued sale of the Redline Energy Drink, as consumers may attribute any such misleading or false claims and deficiencies to Red Bull.

In view of the foregoing, we must insist that you provide written assurances within ten (10) days of the date of this letter that you will: (1) cease and desist use of the REDLINE mark

HOGAN & HARTSON L.L.P.
Vital Pharmaceuticals, Inc.
October 14, 2005
Page 3

and/or a blue, red and silver/gray color scheme in connection with energy drinks or other beverages in the United States; (2) immediately withdraw U.S. Application Serial Nos. 78/598,015 and 78/670,909 with prejudice; and (3) cease and desist from any further use of any of the Red Bull Word Marks, Red Bull Trade Dress, or any other confusingly similar marks and/or trade dress in the United States. Failure to do so will damage Red Bull and subject Red Bull to irreparable harm, entitling Red Bull to injunctive and monetary relief.

      Feel free to contact me via telephone or in writing to discuss this matter. In the meantime, our client reserves all of its rights and remedies.

Sincerely,

Raymond A. Kurz

RAK/KAI
Enclosure



Int. Cl.: 5

Prior U.S. Cls.: 6, 18, 44, 46, 51, and 52

**United States Patent and Trademark Office**

Reg. No. 2,857,015
Registered June 22, 2004

## TRADEMARK
### PRINCIPAL REGISTER

## REDLINE

VITAL PHARMACEUTICALS, INC. (FLORIDA CORPORATION)
4141 S.W. 47TH AVENUE
DAVIE, FL 33314

FOR: NUTRITIONAL SUPPLEMENTS, IN CLASS 5 (U.S. CLS. 6, 18, 44, 46, 51 AND 52).

FIRST USE 8-0-2003; IN COMMERCE 9-0-2003.

SN 78-282,908, FILED 8-4-2003.

RICHARD WHITE, EXAMINING ATTORNEY

**EXHIBIT B**

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
VITAL PHARMACEUTICALS, INC., a Florida corporation

## DEFENDANTS
RED BULL CORP., an Austrian Limited Liability Corporation

**05-61704**

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Gregg H. Metzger, Esq., Feldman Gale, P.A., 201 S. Biscayne Blvd., Suite 1920, Miami, FL 33131 (305) 358-5001

ATTORNEYS (IF KNOWN)

(d) CIRCLE COUNTY WHERE ACTION AROSE: DADE, MONROE, (BROWARD), PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

Broward 05-61704

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☒ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☒ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med. Malpractice | B☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | B☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | B☐ 630 Liquor Laws | | B☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | PERSONAL PROPERTY | B☐ 640 R.R. & Truck | A PROPERTY RIGHTS | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | B☐ 650 Airline Regs | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| B☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | B☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| B☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | B☐ 690 Other | ☒ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | A LABOR | B SOCIAL SECURITY | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| A REAL PROPERTY | A CIVIL RIGHTS | PRISONER PETITIONS | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | B☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| B☐ 220 Foreclosure | ☐ 442 Employment | HABEAS CORPUS: | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | B☐ 530 General | ☐ 790 Other Labor Litigation | FEDERAL TAX SUITS | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | A☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | A☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | B☐ 540 Mandamus & Other | | A☐ 871 IRS — Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions A OR B |
| ☐ 290 All Other Real Property | | B☐ 550 Civil Rights | | | |
| | | B☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION
(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Declaratory relief of non-infringement.

LENGTH OF TRIAL
via ___ days estimated (for both sides to try entire case)

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A **CLASS ACTION** ☐ UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☒ NO

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 10/21/05
SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT $250.00 929732 APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

10/21/05